**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAWIT SOLOMON SINU,

*Petitioner*,

v. No. 1:26-cv-01908-SMD-JHR

MARKWAYNE MULLIN, *et al.*,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner, a citizen of Ethiopia, entered the United States on February 20, 2025, and was placed into immigration detention that same day. As of the present date, he has never been released from custody. He was first placed in expedited removal proceedings. After further processing, he was then placed in § 240 removal proceedings. On December 8, 2025, an immigration judge ordered Petitioner removed from the United States. Petitioner timely appealed the order and, as of the present date, the appeal remains pending.[1] Petitioner has never received an individualized custody hearing. *See* Docs. 3, 9. Petitioner challenges his detention as unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment. Doc. 3 at 10-11.

[1] *See* Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 8, 2026, using Petitioner's A-number and nationality).

Petitioner has filed two earlier habeas petitions in this Court, both while Petitioner was represented by his prior counsel. He filed the first petition on April 16, 2026. *See Sinu v. LNU*, No. 1:26-cv-01196-KWR-GJF. District Judge Kea W. Riggs denied the petition on May 6, 2026, finding that Petitioner was mandatorily detained under 8 U.S.C. § 1225(b) and was not entitled to a bond hearing. Judge Riggs noted in her decision that Petitioner did not expressly challenge his detention as prolonged and Petitioner was responsible for asserting his own arguments. *See Sinu v. LNU*, Doc. 8.

Petitioner filed his second petition on May 21, 2026; Petitioner filed it as a second action but titled his filing as an amended petition. *See Sinu v. Warden*, No. 1:26-cv-01651-MIS-JHR. District Judge Margaret I. Strickland denied the petition on June 3, 2026, finding that Petitioner again did not expressly challenge his detention as prolonged, or argue how prolonged detention violates due process or entitles him to a bond hearing. Judge Strickland noted that the denial was without prejudice to Petitioner filing a second amended petition asserting new bases for habeas relief. *See Sinu v. Warden*, Doc. 7.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. Second or Successive Habeas Filings under 28 U.S.C. § 2241

As a preliminary matter, any assertion that the Petition is barred as successive by § 2241 is without merit and the Court summarily rejects it. *See Khan v. Current Sec'y of Dep't of Homeland Sec.*, No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at *2 (D.N.M. Mar. 19, 2026) ("The Tenth Circuit has squarely held that Section 2244's bar on second or successive petitions does not apply to 2241 petitions filed by alien detainees.") (citing *Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010)).

When a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways. If the first § 2241 case is still pending, the later-filed petition is generally dismissed as duplicative and without prejudice. *See, e.g.*, *Horbenko v. Lyons*, 26-cv-00751-KWR-DLM (dismissing duplicate § 2241 immigration petition); *Anis v. Bondi*, 26-cv-00865-KG-DLM (same); *Leon-Chapa v. Janecka*, 26-cv-01060-MIS-GBW (same); *Izquierdo v. Warden*, 26-cv-01117-SMD-JHR (same). The petitioner is then free to continue prosecuting claims in his or her existing § 2241 case. *Id.*

If the first § 2241 case was denied on the merits and a final judgment has been entered, the Court may dismiss the second petition as an abuse of the writ. *See Tashchian v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-01289-JLT-SKO, 2025 WL 3194356, at *1 (E.D. Cal. Oct. 2, 2025), *report and recommendation adopted*, 2025 WL 3192364 (E.D. Cal. Nov. 14, 2025)

(dismissing section § 2241 immigration petition based on the abuse of the writ doctrine); *Garza Gutierrez v. Dep't of Homeland Sec.*, No. 3:25-cv-00599-WMC, 2026 WL 788077, at *1 (W.D. Wis. Mar. 20, 2026) (issuing a warning regarding abuse of the writ).

The "abuse of the writ" doctrine developed in the case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255. *See Stanko*, 617 F.3d at 1268 (discussing the differences between the statutory bar and the abuse of the writ doctrine). The doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new "claims [that] could have been raised in an earlier application [for writ of habeas corpus] but were not." *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010).

Petitioner states that application of abuse-of-the-writ principles here "would punish Petitioner for prior counsel's failure to brief a constitutional claim and would prevent any challenge to ongoing civil confinement no matter how long detention continues." Doc. 10 at 7. Additionally, Judge Strickland's order in *Sinu v. Warden* noted that denial of the petition was without prejudice to Petitioner filing a second amended petition. *See Sinu v. Warden*, Doc. 7. Thus, and because of the substantive due process rights at stake from Petitioner's ongoing detention, the Court declines to summarily dismiss this case as an abuse of the writ. *See Nir B. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-05697-TLN-SCR, 2026 WL 2546627, at *4 (E.D. Cal. Aug. 28, 2026) ("Finally, to the extent Petitioner raises claims relating to prolonged detention based upon the additional time that has passed between the filing of the first petition and the instant petition, that claim is also not barred by the abuse of the writ doctrine.").

II. <u>Section 1225, Not Section 1226, Governs Petitioner's Detention</u>

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies

primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306. The Tenth Circuit endorsed this Court's historic understanding of §§ 1225 and 1226, which aligned with the vast majority of district courts in this circuit, in *Santillan Quiroz*, 180 F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

In *Mursalin v. Dedos*, the court held that an arriving alien who received a positive credible-fear determination and was placed into § 240 proceedings "remains subject to mandatory detention pursuant to § 1225(b)(1)(B)(ii) until the completion of his claim for asylum[,]" and that neither § 1226 nor § 1231 applies. No. 1:25-cv-00681-MIS-JMR, 2025 WL 3140824, at *6 (D.N.M. Nov. 10, 2025) (citing *Jennings*, 583 U.S. at 287, 299). No mechanism transforms an arriving alien from § 1225(b) custody to § 1226 upon a positive credible fear determination. *See Dep't of*

*Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 111, (2020); *Jennings*, 583 U.S. at 285–87) (holding that applicants who are found to have a credible fear "may also be detained pending further consideration of their asylum applications"); § 1225(b)(1)(B)(ii) (stating that if the immigration officer determines that a noncitizen has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum").

Here, the record shows that Petitioner was detained at the border as an arriving alien. Because "§ 1225 generally applies at the border while § 1226 applies in the country's interior," and Petitioner is indisputably an arriving alien, § 1225 governs his detention. *See Santillan Quiroz*, 180 F.4th at 1235.

III. Petitioner Is Not Entitled to Relief Under Procedural Due Process Principles

Because *Jennings* held that § 1225(b) does not contain an implicit reasonableness limitation or permit judicial release, attention has turned to constitutional challenges, with courts now "sharply disagree[ing] about the reach of the Due Process Clause as applied to arriving aliens." *Jennings*, 583 U.S. at 298–301; *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020); *Horbenko v. Castro*, No. 2:25-cv-00764-WJ-DLM, 2026 WL 381867, at *7 (D.N.M. Feb. 11, 2026), *report and recommendation adopted*, 2026 WL 702459 (D.N.M. Mar. 12, 2026).

Some courts have held that, at some point, due process entitles a noncitizen subject to prolonged detention under § 1225(b) to an individualized bond hearing before an immigration judge, or some other form of individualized review of eligibility for release beyond the opportunity to request discretionary parole under § 1182(d)(5). *E.g.*, *Mbalivoto v. Holt*, 527 F. Supp. 3d 838, 848–51 (E.D. Va. 2020); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772–73 (S.D. Cal. 2020); *Clerveaux v. Searls*, 397 F. Supp. 3d 299, 309–22 (W.D.N.Y. 2019).

Other courts have held that due process imposes no time limit or hearing requirement while an alien is detained pending removal proceedings. *E.g.*, *Banyee v. Garland*, 115 F.4th 928, 931-34 (8th Cir. 2024) (holding that Supreme Court authorities "leave no room for a multi-factor 'reasonableness' test" and set a bright-line rule permitting detention under § 1225(b) as long as deportation proceedings are still pending); *Giraldo Nieto v. Ceja*, No. 1:24-cv-02821-DDD-NRN, 2025 WL 4087626, at *6 (D. Colo. June 12, 2025); *Aguayo v. Martinez*, No. 1:20-cv-00825-DDD-KMT, 2020 WL 2395638, at *4 (D. Colo. May 12, 2020); *Poonjani v. Shanahan*, 319 F. Supp. 3d 644, 647-50 (S.D.N.Y. 2018).

The Tenth Circuit has not addressed the issue. *See Giraldo Nieto*, 2025 WL 4087626, at *7. This Court holds that procedural due process does not entitle inadmissible arriving alien subject to prolonged detention to release or a bond hearing before removal proceedings conclude. *See Gonzalez Aguilar*, 448 F. Supp. 3d at 1205–12. Under *Mezei* and *Sierra*, such aliens are entitled only to the statutory procedures Congress has authorized, and under *Jennings*, the procedures in § 1225(b) provide neither bond hearings nor any time limit on detention while removal proceedings are pending. *Gonzalez Aguilar*, 448 F. Supp. 3d at 1205–12 (citing *Sierra v. INS*, 258 F.3d 1213, 1215–16 (10th Cir. 2001); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212–16 (1953)).

IV. <u>The Government's Detention of Petitioner Violates Substantive Due Process</u>

Under the specific facts of this case, however, Petitioner's over 19-month detention violates his substantive due process rights, entitling him to relief. While *Jennings* imposes no bright-line limit on a noncitizen's detention, the Supreme Court declined to decide whether mandatory detention under §§ 1225(b) and 1226(c) remains subject to independent constitutional

limitations. *Mardanpour v. Warden*, No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *4 (D.N.M. Apr. 9, 2026).

Federal circuit and district courts have long held that deportable aliens in custody for more than a few months must be released because such detention has become imprisonment. *Wolck v. Weedin*, 58 F.2d 928, 930–31 (9th Cir. 1932); *Caranica v. Nagle*, 28 F.2d 955, 957 (9th Cir. 1928), *cert. denied*, 277 U.S. 589 (1928); *United States ex rel. Ross v. Wallis*, 279 F. 401, 403–04 (2d Cir. 1922); *United States ex rel. Janavaris v. Nicolls*, 47 F. Supp. 201 (D. Mass. 1942). The Tenth Circuit has also recognized that inadmissible aliens in physical custody in the United States enjoy some procedural and substantive due process protections under the Fifth Amendment. *See Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981).

A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015); *United States v. Salerno*, 481 U.S. 739, 747 (1987); *Giraldo Nieto*, 2025 WL 4087626, at *8.

Respondents provide no specific or apparent justification for continued detention. *See* Doc. 9. Insofar as Respondents seek to assert that any pending appeal is a basis for such detention, exercising the right to appeal should not require surrendering one's physical liberty as collateral. "[S]uch imprisonment is impermissible punishment rather than detention pending deportation." *See Rodriguez-Fernandez*, 654 F.2d at 1387. Indefinitely detaining Petitioner solely because he seeks to exhaust his right to an appeal lacks a legitimate regulatory purpose and amounts to impermissible punitive detention in violation of his substantive due process rights. *Mardanpour*, 2026 WL 963164, at *3.

In sum, the Court finds that Petitioner's indefinite detention, already exceeding 19 months, is constitutionally excessive in relation to the government's legitimate, nonpunitive purpose of facilitating removal. Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals could take years. Under these circumstances, Petitioner's indefinite detention of more than 19 months is punitive and violates his substantive due process rights. *Rodriguez-Fernandez*, 654 F.2d at 1387 (finding that indefinite detention, "continued beyond reasonable efforts to expel the alien[,]" constitutes punishment in violation of the Fifth Amendment); *Mardanpour*, 2026 WL 963164, at *6.

Respondents have failed to articulate any legitimate interest in Petitioner's continued detention. Thus, the Court finds that immediate conditional release is the appropriate remedy. *See Espinosa v. Warden*, No. 2:26-cv-02907-MIS-SCY, 2026 WL 2906454, at *2 (D.N.M. Sept. 28, 2026) (collecting cases and granting release where petitioner was detained under § 1225 for seven months).

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED**;
2) Respondents are **ORDERED** to release Petitioner within 48 hours, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3) Respondents **SHALL** provide Petitioner will all personal belongings and facilitate Petitioner's transportation from the detention facility;
4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the

manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without (1) evidence that Petitioner has committed a crime or absconded in regard to administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States;

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and entertain any motion for attorneys' fees.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**